such families." *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1015 (9th Cir.2005).

Nancy **RIVERA–PEREZ,** Petitioner,

v.

Peter D. **KEISLER,** * Acting Attorney General, Respondent.

No. 07–72363.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2007.**

Filed Oct. 18, 2007.

Nancy Rivera–Perez, Perris, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Sada Manickam, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

This is a petition for review of the Board of Immigration Appeals' ("BIA") denial of a motion to reopen its prior decision denying petitioner Nancy Rivera–Perez's application for cancellation of removal.

A review of the administrative record demonstrates that there is substantial evidence to support the BIA's original decision that petitioner failed to establish continuous physical presence in the United States for a period of not less than ten years as required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir.2004). Therefore, the BIA did not abuse its discretion by denying petitioner's motion to reopen which provided no evidence to the contrary. Accordingly, we summarily deny the petition for review because the questions raised are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

The motion to stay voluntary departure is denied because the petitioner was not granted voluntary departure by the agency.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the 60 others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process by forcing children either to suffer de facto expulsion from the country of their birth or forego their constitutionally-protected right to remain in this country with their family intact. *See, e.g., Moore v. City of East Cleveland*, 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this nation's history and tradition."); *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the 14th Amendment").

Furthermore, as a nation we should recognize that many who came here illegally and many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

As I have said before, "I pray that soon the good men and women in our Congress will ameliorate the plight of families like the [petitioners] and give us humane laws that will not cause the disintegration of such families." *Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1015 (9th Cir.2005).

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.